UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Carl Alvey,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.:1:12-cv-754 |
| | ) |
| **MiraMed Revenue Group, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Hahn vs. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaundry, deLauneay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Carl Alvey, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, MiraMed Revenue Group, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency and/or purchaser operating from an address at 991 Oak Creek Dr., Lombard, IL 60148.

14. The Defendant is a debt collection agency and is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. On February 23, 2012, the Defendant contacted the Plaintiff via telephone call and left a voicemail message. *See Exhibit "2".*

27. On February 24, 2012, the Plaintiff called the Defendant and spoke to one of its employees. *See Exhibit "2".*

28. During this conversation the Plaintiff informed the Defendant that he was filing bankruptcy and identified his legal representation for this debt. *See Exhibit "2" attached hereto.*

29. In addition, during this conversation the Defendant responded to the Plaintiff by stating that they would call back in 30 days if they had not received a payment from the bankruptcy case. *See Exhibit "2".*

30. On February 25, 2012, the Plaintiff received a voicemail message from the Defendant. *See Exhibit "2".*

31. On February 27, 2012, the Plaintiff received a telephone call from the Defendant at 7:43am. *See Exhibit "2".*

**First Claim for Relief:**
**Violation of the FDCPA**

1. The allegations of Paragraphs 1 through 31 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated the FDCPA by contacting the Plaintiff after being informed of legal representation pursuant to 15 U.S.C. § 1692c.

3. The Defendant violated the FDCPA by contacting the Plaintiff at an unusual time or place known to be inconvenient to the consumer pursuant to 15 U.S.C. § 1692c, when the Defendant contacted the Plaintiff at 7:43am.

4. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692d by contacting the Plaintiff at 7:43am.

5. The Defendant's acts and omissions constitute unfair and unconscionable attempts to collect a debt in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by

    continuing to contact the Plaintiff after being informed of legal representation as well as contacting the Plaintiff at 7:43am.

6. The Defendant violated the FDCPA by threatening action that it could not legally take pursuant to 15 U.S.C. § 1692e.

7. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp

John T. Steinkamp  
John Steinkamp and Associates  
Attorney for Plaintiff  
5218 S. East Street, Suite E1  
Indianapolis, IN 46227  
Office: (317) 780-8300  
Fax: (317) 217-1320  
Email: steinkamplaw@yahoo.com